TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8536
     Facsimile: (213) 894-0141
     E-mail:    kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00070-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JONATHAN LICUP |
| v. | |
| JONATHAN LICUP, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin B. Reidy, hereby files its Sentencing Position for Defendant Jonathan Licup.

///

///

This position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and such further evidence and argument as the Court may permit.

Dated: August 26, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


           /s/
KEVIN B. REIDY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Jonathan Licup ("defendant") has pleaded guilty to a single-count information charging him with wire fraud, in violation of 18 U.S.C. § 1343, in connection with a tax refund fraud scheme.

The United States Probation and Pre-Trial Services Office ("USPO") has filed its Presentence Investigation Report ("PSR"), calculating the total offense level to be 14, placing defendant in criminal history category I, and calculating the advisory Guidelines range as 15 to 21 months' imprisonment.  The government agrees with the USPO's criminal history category analysis and that the total offense level is 14.

Based on the record as a whole and the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court impose low-end sentence of 15 months' imprisonment, three years of supervised release, restitution totaling $103,645 to the Internal Revenue Service, and a mandatory special assessment of $100.

**II.   THE OFFENSE CONDUCT**

Between 2017 and 2018, defendant executed a scheme to defraud the clients of his tax preparation business, JS Connection.  (Dkt. 21 ¶ 11.)  As part of JS Connection's business, defendant prepared United States Individual Income Tax Returns (Forms 1040) for his clients.  (Id. ¶ 12.)  In some instances, defendant fraudulently prepared his clients' tax returns to increase the refunds claimed to amounts that were higher than what his clients were lawfully entitled to receive.  (Id.)  In other instances, defendant prepared tax returns for his clients such that the refunds claimed were roughly equivalent to the amount that the Clients were entitled to claim.

(Dkt. 3 ¶ 11.)  Without the client's knowledge or authorization, defendant would then attach an IRS Form 8888, Allocation of Refund, to the tax returns he filed for his clients, both false returns that claimed inflated refunds and true returns that claimed correct refunds.  (Dkt. 21 ¶ 15.)  The Form 8888 directed the IRS to deposit a portion of the client's refunds into the clients' bank accounts and deposit the remainders into bank accounts controlled by defendant.  (Id.)  In some instances, defendant gave his clients copies of returns and falsely and fraudulently told his Clients that the Client Copies were true copies of the returns that defendant had prepared for the Clients and filed with the IRS on their behalf.  (Dkt. 3 ¶ 11.)   Throughout the course of this scheme, defendant fraudulently obtained a total of $112,245 in portions of the refunds claimed for 54 of his clients.  (Id.)  As a result of defendnat's conduct, the IRS suffered an actual loss of $103,645.  (Dkt. 21 ¶ 62.)

### III. GUIDELINE CALCULATIONS

    **A.   The USPO's Guideline Calculations**

In the PSR, the USPO determined that under U.S.S.G. § 2B1.1(a)(1) the base offense level is 7.  (Dkt. 21 ¶ 69.)  Because it found that defendant obtained more than $150,000 from his victims, the USPO applied an eight-level increase under U.S.S.G. § 2B3.3(b)(1)(E).  (Id. ¶ 70.)  The USPO also applied a two-level increase because the offense involved ten or more victims under U.S.S.G. § 2B1.1(b)(2)(A)(i).  (Id. ¶ 71.)  The USPO then reduced defendant's offense level by a total of three levels for his acceptance of responsibility.  (Id. ¶¶ 77-78.)  The USPO thus concluded that the total offense level is 14.  (Id. ¶ 79.)

2

The USPO further determined that defendant has zero criminal history points and falls within Criminal History Category I. (Id. ¶¶ 81-85.)  Based on a total offense level of 14 and a Criminal History Category of I, the applicable Guidelines range in the PSR is 15 to 21 months.  (Id. ¶ 131.)

The government agrees with the USPO's calculation of defendant's offense level, Criminal History Category, and Guidelines range. Under the terms of the plea agreement, the government has agreed not to seek any additional offense level enhancements and does not recommend any further offense level increases.  (Dkt. 3 ¶ 13; Dkt. 21 ¶ 132.)

**IV.   SENTENCING RECOMMENDATION**

    **A.   A Low-End, 15-Month Custodial Sentence and Restitution Is Sufficient, but No Greater Than Necessary, to Comply with the Purposes of Sentencing**

The government recommends that the Court impose a sentence of 15 months' imprisonment, followed by a three-year period of supervised release, restitution totaling $103,645 to the IRS, special financial requirements to assure and protect the restitution described below, and a special assessment of $100.  The low-end term of custody adequately reflects the seriousness of defendant's offense conduct, his criminal history, the need to deter defendant and others from similar criminal conduct, and the need to protect the public.

Defendant's offense was significant.  Defendant enriched himself while, in some instances, depriving his customers of refunds to which they were lawfully entitled and, in other instances, depriving the United States Treasury of monies by artificially inflating his clients' refunds.  In the latter circumstance, defendant exposed his

clients to a risk that the IRS would hold them accountable for the loss caused by the inflated refund amount.

The government does not recommend that the court impose a sentence any higher than 15 months in custody. Defendant demonstrated extraordinary acceptance of responsibility by agreeing to plead guilty to an information and waiving his right to indictment. His decision to acknowledge his guilt without requiring the government to present charges to the grand jury conserved both government's and the Court's resources. Defendant has no criminal history. Given his complete lack of contacts with the criminal justice system, a sentence of 15 months' custody would be more than sufficient reason for defendant to abstain from future criminal conduct. Further, a low-end sentence would adequately reflect defendant's personal difficulties, including his mental health challenges and physical ailments. Any additional custody time above the low-end of the Guidelines range would unnecessarily deprive defendant's children of their father's care and attention.

**B.   Defendant Should Begin Paying Restitution Immediately**

The Mandatory Victims Restitution Act requires restitution for "any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Under section 3663A, the Court must order restitution to each victim in the full amount of each victim's losses, without regard to defendant's economic situation. 18 U.S.C. § 3664(f)(1)(A). The Court shall order full and immediate payment of restitution, unless, in the interest of justice, the Court provides for payment on a date certain or in installments. 18 U.S.C. § 3572(d)(1). "Immediate payment of restitution is the general rule." See United States v. Martin, 278 F.3d 988, 1006 (9th Cir.

2002) (finding that the district court did not err in following the general rule because it had information regarding the defendant's financial resources that it had "presumably considered and found insufficient to warrant periodic payments"); see generally United States v. Ross, 310 Fed. Appx. 160, 162 (9th Cir. 2009) (finding that "immediate repayment is the rule" but that "[e]xceptions may be made in the interests of justice, such as when the defendant is not able to make more than nominal periodic payments," and the defendant carries the burden of proving such inability).

Here, defendant was convicted of one count of wire fraud, which is a crime involving fraud or deceit requiring mandatory restitution under § 3663A. Therefore, pursuant to that statute, the government requests that the Court order that defendant pay restitution to the IRS in the amount of $103,645.

While the Court shall order restitution "without consideration" of defendant's financial circumstances, 18 U.S.C. § 3664(f)(1)(A), the restitution order must specify the manner in which, and the schedule according to which, the restitution is to be paid, by taking in consideration:

    (A) the financial resources and other assets of the defendant,
       including whether any of these assets are jointly controlled;
    (B) projected earnings and other income of the defendant; and
    (C) any financial obligations of the defendant; including
       obligations to dependents.
18 U.S.C. § 3664(f)(2).

Defendant bears the "burden of demonstrating" defendant's financial resources, and was obligated to "prepare and file with the probation officer an affidavit fully describing defendant's financial

resources, including a complete listing of all assets owned or controlled by the defendant as of the date on which the defendant was arrested . . . ."  18 U.S.C. § 3664(d)(3) and (e) (emphasis added). As expressly set forth in § 3664(d)(3) and (e), defendant's financial resources include assets that defendant "owns," as well as those that defendant "controls."  Thus, the Court's consideration of defendant's "financial resources and other assets" when devising a restitution payment order pursuant to § 3664(f)(2), should include both the assets that defendant "owns" and those that defendant "controls."

To ensure the enforcement of the mandatory restitution order, as well as all of defendant's court-ordered financial obligations, the government respectfully requests that, in addition to other conditions recommended by the USPO in the judgment and commitment order, the Court order the following:

1) The defendant shall notify the Court of any material change in defendant's ability to pay, including without limitation increases in wages, income, or assets.  See 18 U.S.C. § 3664(k)

2) The defendant shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

3) Defendant's criminal restitution debt will be referred to the Treasury Offset Program through the procedures set forth in 31 U.S.C. §§ 3720A and 3716 to offset funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to apply

those funds to defendant's outstanding fine or restitution balance until defendant's liability to pay any fine or restitution order has expired or been satisfied.

4) The defendant shall notify the Financial Litigation Section of the United States Attorney's Office for the Central District of California before transferring any interest in real or personal property, owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations.

5) The United States Probation & Pretrial Services Office shall preserve and provide the Financial Litigation Section of the United States Attorney's Office for the Central District of California with all the financial documentation relied upon in the preparation of the Presentence Report, including any net worth and cash flow statements completed by the defendant.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of: (1) 15 months' imprisonment; (2) a three-year period of supervised release; (3) restitution in $103,645 to the IRS; (4) impose the special financial requirements to assure and protect the restitution described above; and (5) a mandatory special assessment of $100.